LESLIE L. ABBOTT (SBN 155597)
leslieabbott@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

ERIC D. DISTELBURGER (SBN 330042)
ericdistelburger@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LANE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FERGUSON ENTERPRISES, LLC; and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | Case No. 4:22-CV-06077<br><br>**DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Alameda County Superior Court, No. 22CV015478 |

TO THE CLERK OF THE COURT, PLAINTIFF MATTHEW LANE, AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Ferguson Enterprises, LLC ("Ferguson") hereby removes this action from the Superior Court of California in and for the County of Alameda (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9). In support of removal, Ferguson alleges as follows:

1. On August 2, 2022, Plaintiff Matthew Lane ("Plaintiff"), through his attorneys Aegis Law Firm, PC, submitted online to the California Labor and Workforce Development Agency ("LWDA"), and served by certified mail to Ferguson's Agent for Service of Process, correspondence described as "written notice required by California Labor Code § 2699.3(a)(1)" ("LWDA Notice"). A true copy of Plaintiff's LWDA Notice, and Service of Process Notice, are attached as Exhibits A and B, respectively, to the Declaration of Teresa M. Cooper ("Cooper Decl."), ¶ 3.

2. On September 15, 2022, Plaintiff served on Ferguson's Agent for Service of Process a Complaint that he filed on August 2, 2022, in the Superior Court for the County of Alameda, entitled: "*Matthew Lane, individually and on behalf of himself and all others similarly situated, Plaintiffs, vs. Ferguson Corporation, LLC, and DOES 1 through 20, inclusive, Defendants*," No. 22CV015478 (the "Action"). The service of process effected on Ferguson on September 15, 2022 included the Service of Process Notice, the Summons, a Tentative Ruling dated September 13, 2022 regarding a Complex Determination Hearing in Dept. 21, a Notice of Hearing, an Alternative Dispute Resolution (ADR) Information Packet, an Alternative Dispute Resolution (ADR) Stipulation, the Civil Case Cover Sheet, and the Complaint, true copies of which are attached as Exhibits C, D, E, F, G, H, I, and J, respectively, to the Cooper Decl. at ¶ 4.

3.      The Complaint asserts nine causes of action for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) failure to pay wages timely during employment; (8) failure to pay all wages due upon separation of employment; and (9) violation of Business and Professions Code §§ 17200, *et seq*. Plaintiff purports to bring these claims on behalf of himself and a class of "All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between February 5, 2018 and the date of the class certification." Cmplt., ¶ 20. The allegations in the Complaint are incorporated into this Notice by reference without admitting the truth of any of them.

4.      No other defendant is named in the Complaint in this Action and Ferguson is informed and believes that no other defendant has been served with process in this Action.

5.      5.      On October 12, 2022, Ferguson filed its Answer to Plaintiff's Complaint, which was served by mail to Plaintiff's counsel. A true copy of Ferguson's Answer is attached as Exhibit K to the Cooper Decl. at ¶ 5.

6.      The LWDA Notice and its accompanying Service of Notice on August 2, 2022, and the Service of Process Notice dated September 15, 2022 and the accompanying Summons, Tentative Ruling dated September 13, 2022 regarding a Complex Determination Hearing in Dept. 21, Notice of Hearing, Alternative Dispute Resolution (ADR) Information Packet, Alternative Dispute Resolution (ADR) Stipulation, Civil Case Cover Sheet, the Complaint, and Defendant's Answer, constitute all process, pleadings, and orders served on or by Ferguson in this action. Cooper Decl. ¶ 6 (Exhibits A-K).

7.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be

1  promptly served on Plaintiff's counsel and filed with the Clerk of the Alameda
2  County Superior Court. Declaration of Leslie L. Abbott ("Abbott Decl."), at ¶ 2.
3  True copies of the Notice to Adverse Party of Removal of Civil Action and the
4  Notice to Superior Court of Removal of Civil Action are attached hereto as
5  Exhibits A and B, respectively, to the Abbott Decl. at ¶ 2. Therefore, all procedural
6  requirements under 28 U.S.C. § 1446 have been satisfied.

7        8. This Notice of Removal is effected properly and timely pursuant to 28
8  U.S.C. section 1446(b)(1), as it is filed within 30 days after Ferguson was served
9  with "a copy of the initial pleading setting forth the claim for relief upon which
10 such action or proceeding is based."

11       9. Venue of this Action exists in this District pursuant to 28 U.S.C.
12 section 1441(a) because the Superior Court is located within this District.

### Removal Is Proper Under CAFA

14       10. The Action is properly removed to this Court under the amended rules
15 for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C.
16 section 1332 to provide that a putative class action is removable to federal court if
17 (a) any member of a class of plaintiff is a citizen of a state different from any
18 defendant; (b) the proposed class members number at least 100; and (c) the amount
19 in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C.
20 § 1332(d). Each of these requirements is met in this Action.

### The Citizenship of the Parties Is Diverse

22       11. For purposes of determining diversity of citizenship, an individual is
23 deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-*
24 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state
25 citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of
26 residency is evidence of domicile absent affirmative allegations to the contrary. *See*
27 *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man
28 lives is properly taken to be his domicile until facts adduced establish the

contrary."); *Smith v. Simmons,* No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (noting that "maintaining a place of residence . . . provides a 'prima facie' case of domicile"). Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Cmplt., ¶ 10 ("Plaintiff is a resident of California and worked for Defendants during the relevant time periods.").

12. Ferguson Enterprises, LLC is now, and was at the time this action was commenced, a citizen of the Commonwealth of Virginia within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of Virginia. *See* Cooper Decl. ¶ 8. Ferguson Enterprises, LLC is headquartered in Newport News, Virginia. *Id.* ¶ 9. Ferguson Enterprises, LLC's officers and directors are located in Newport News, Virginia, which is also where the officers and directors engage in direction, control, and coordination of the company's activities. *Id.* Ferguson Enterprises, LLC, is wholly owned by its sole member, Ferguson US Holdings, Inc., which was created and is established under the laws of Virginia, has its headquarters located in Virginia, and is controlled and operated by its officers and directors in Virginia. *Id.* ¶ 10. Additionally, from February 5, 2018 through the present, Ferguson Enterprises, LLC has not been incorporated in California and has not had its headquarters, executive offices, or officers based in California. *Id.* at ¶ 11. During this period, it has not maintained a principal place of business in California. *Id.* Thus, under the "nerve center" test, Ferguson is a citizen of the Commonwealth of Virginia.

13. Ferguson is the only defendant named in this Action. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, no named defendant is

a citizen of California, in which state this Action was filed and there is complete diversity of citizenship between the parties.

### The Proposed Class Members Number at Least 100

14. The Proposed Class Members include "All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between February 5, 2018 and the date of class certification." Cmplt., ¶ 20.

15. Since February 5, 2018, Ferguson has employed no less than 5,370 non-exempt employees in the State of California. Declaration of Polly Foote ("Foote Decl.") ¶ 5. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

### The Amount in Controversy Exceeds $5,000,000

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82. If challenged, under CAFA, a removing defendant need prove by only a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). A preponderance of the evidence requires that a defendant demonstrate that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement". *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing and quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (quotation marks omitted).

17. For purposes of removal, the amount in controversy is simply "an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). The removing defendant's burden "is not 'daunting,'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (quoting *Muniz v. Pilot Travel Centers LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original), *aff'd*, 631 F.3d 1010 (9th Cir. 2011). Moreover, under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

18. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

19. Plaintiff alleges that Defendant engaged in systemic violations: "The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein." Cmplt. ¶ 25(b).

20. Without admitting that Plaintiff and/or the purported class could recover *any* damages, the amount in controversy in this action exceeds $5,000,000, based on only one of Plaintiff's alleged claims, for failure to pay overtime.[1]

21. Specifically, Plaintiff contends that "Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a

---

[1] Plaintiff also alleges causes of action for failure to pay minimum wages, failure to provide meal and rest periods, failure to reimburse business expenses, failure to provide accurate wage statements, failure to timely pay wages during employment, and unfair competition. *See generally* Cmplt. However, the amount in controversy is met without these claims.

week, and/or on a seventh consecutive day of work, entitling them to overtime wages" and that "Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked." Cmplt. ¶¶ 52-53. For the time period of February 5, 2018 through September 2, 2022, the average hourly rate for the Putative Class Members during the Class Period was $22.86, with an average overtime rate of $34.29. Foote Decl. ¶ 6. Putative Class Members worked a total of at least 500,000 workweeks during the same period. *Id*. at ¶ 7. Assuming that the Putative Class Members worked one hour of unpaid overtime a week, the minimum amount in controversy for overtime alone is $17,100,000 ($34.29 [average overtime rate] x 500,000 [workweeks] = $17,100,000).[2]

22. Since the foregoing analysis is based on only one of the nine causes of action brought by Plaintiff for class-wide damages and statutory penalties, there is no question that the amount in controversy in this action exceeds $5,000,000.

23. In setting forth this calculation, Ferguson does not admit that it is liable to Plaintiff and the Putative Class Members in this amount or any amount. On the contrary, Ferguson denies that it is liable to Plaintiff and the Putative Class Members in any amount and for any relief.

---

[2] Plaintiff's allegation of a "common course of conduct" justifies assuming up to one-hour of unpaid overtime per workweek per Putative Class Members. *Morgan v. Childtime Childcare, Inc.,* No. SACV 17-01641 AG (KESx), 2017 U.S. Dist. LEXIS 186537, at *9 (C.D. Cal. Nov. 10, 2017); *see also Long v. Destination Maternity Corp.*, No. 15-cv-02836-WQH (RBBx) 2016 WL 1604968, at * 7 (S.D. Cal. April 21, 2016) (finding that an assumption of "one hour of unpaid overtime per putative class member per week" is a reasonable estimate "based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages . . . ."); *Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *13 (C.D. Cal. Feb. 19, 2019) (finding "an estimate of one hour per class member per week to be appropriate in light of Plaintiff's allegation that Defendant had a 'pattern and practice' of wage abuse, including overtime violations.").

24. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

Dated: October 14, 2022

PAUL HASTINGS LLP
LESLIE L. ABBOTT
ERIC D. DISTELBURGER

By: /s/ Leslie Abbott
LESLIE L. ABBOTT

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC